IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **12-cr-00018-JLK**

**UNITED STATES OF AMERICA,**

    Plaintiff-Appellee,

v.

**DOUGLAS L. TOOLEY,**

    Defendant-Appellant.

---

## MEMORANDUM OPINION AND ORDER

Kane, J.

On June 13, 2010, Douglas Tooley was cited for camping in an area of San Juan National Forest closed to camping by Forest Order #96-6 (per 36 C.F.R. § 261.58). United States District Court Violation Notice, *United States v. Tooley*, No. 10-po-00152-DW (Nov. 19, 2010), ECF No. 1 [hereafter *Violation Notice*].[1] Two years later, this court is asked to consider the appeal of an order mooting a Motion to Stay Fines. *See* Order Re: Def's Mots. to Stay Fines (Mag. Doc. 40); Appeal of Magistrate

---

[1]This memo references three dockets. For purposes of clarity and brevity, future citations to magistrate docket 10-po-00152-DW will include only the prefix "Mag. Doc." and the ECF number.

Judge Decision, Jan. 11, 2012, ECF No. 1.[2] I first outline the journey this case has taken. Second, I order a course of action.

BACKGROUND

At the time of Mr. Tooley's camping citation, a court date was not set. *Violation Notice* (Mag. Doc. 1) ("CVB Will Notifiy"). Magistrate Judge West indicated that a Notice to Appear had set Mr. Tooley's court date as Aug. 10, 2010. Minute Order Continuing Case (Mag. Doc. 3) at 1. Because Mr. Tooley had not received the Notice, the appearance was rescheduled for Nov. 2, 2010. *Id.* At the Nov. 2 initial appearance and arraignment, Mr. Tooley pled "not guilty" and trial was set for Feb. 22, 2011. Minute Entry for proceedings held before Magistrate Judge David L. West: Initial Appearance and Arraignment as to Douglas L. Tooley (Mag. Doc. 4); Transcript of General Advisement/Initial Appearance Tooley (Mag. Doc. 14) at 11-13. On Nov. 19, 2010, Asst. U.S. Attorney Todd Norvell filed an information against Mr. Tooley and indicated the government would "**not** seek detention in this case." Criminal Information Sheet (Mag. Doc. 5-1) (emphasis in original).

On Feb. 15, Mr. Tooley wrote Magistrate Judge West a letter with a number of complaints and requests. Letter from Douglas Tooley (Mag. Doc. 7). Mr. Tooley asked to change the venue to Denver, to get a tape of his courtroom proceedings (with fee waiver due to indigence), to examine the personnel records of several government employees

---

[2] Future citations to this court's docket 12-cr-00018-JLK will include only the prefix "D.C. Doc." and the ECF number.

involved in the proceedings, to examine forest service road management documents, to suppress certain evidence including his arrest record, and to reschedule the hearing for after Mar. 1. *Id.* at 1-2. Mr. Tooley also complained about the behavior of several courtroom officers and about discrimination due to his being homeless. *Id.*

In response, Magistrate Judge West scheduled a hearing for pretrial issues on Apr. 12, 2011 and rescheduled the trial for Apr. 18, 2011. Minute Order Re: Def's Mots./Letter to Continue Trial to Ct. (Mag. Doc. 8) at 1. To determine indigence, the court also sent Mr. Tooley a financial affidavit form. Letter to defendant (Mag. Doc. 9). Mr. Tooley delivered the affidavit to the court on Apr. 8. Courtroom Minutes - Arraignment on Information and Hearing on Def's Pre-trial Mots. (Mag. Doc. 13) at 2. During the hearing, the requested change of venue, the requested examination of personnel and forest service management records, and the motion regarding discrimination due to homelessness were denied; the suppression of Mr. Tooley's arrest record was granted (though noted to be irrelevant). *Id* at 2. Magistrate Judge West also noted that the transcript request had already been granted when the court furnished the transcript on Apr. 11. *Id.*

On Apr. 18, Mr. Tooley appeared in court, *pro se*, and was found guilty of "Camping in a Closed Area" per 16 U.S.C. 551 and 36 C.F.R. 261.58(e). Judgment (Mag. Doc. 18); *accord* Minute Entry for Proceedings Held Before Magistrate Judge David L. West: Bench Trial and Sentencing Judgment (Mag. Doc. 17). Mr. Tooley was fined $75

plus a $10 Special Assessment Fee to be paid by July 1;[3] if Mr. Tooley failed to timely pay the fine and fee then he was to appear in court on July 5. *Id.*

On Apr. 28, Mr. Tooley appealed this final judgment to the Tenth Circuit. Notice of Appeal (Mag. Doc. 19). Mr. Tooley claims this appeal was accepted by Magistrate Judge West personally. Letter from Defendant to the Court re: False Arrest and Malicious Impoundment (Mag. Doc. 39) [hereafter *False Arrest Letter*] at 1. On May 2, the U.S. District Court, District of Colorado clerk's office sent the Notice of Appeal and noted that neither the filing fee nor a motion to proceed *in forma pauperis* had been received.[4] Letter Transmitting Notice of Appeal (Mag. Doc. 20) at 1. On May 9, Magistrate Judge West echoed the clerk's May 2 letter and ordered Mr. Tooley to address the filing fee issue. Order to Cure Deficiency (Mag. Doc. 22).

On May 3, however, the clerk's office ordered Mr. Tooley to demonstrate within fourteen days why the Tenth Circuit had jurisdiction over his appeal; briefing on the merits was tolled. Order filed by Clerk of the Court, *United States v. Tooley*, No. 11-1197

---

[3]Given the apparent absence of the $25 Processing Fee, this monetary obligation appears to be reduced from the pre-trial obligation. *See Violation Notice* (Mag. Doc. 1).

[4]It is unclear whether Magistrate Judge West's acceptance on Apr. 8, 2011of Mr. Tooley's financial affidavit for the purpose of waiving court transcript fees qualifies as "Prior Approval" under Fed. R. App. P. 24(a)(3). Courtroom Minutes - Arraignment on Information and Hearing on Def's Pre-trial Mots, No. 10-po-00152-DW, ECF No. 13, at 2. Because Mr. Tooley's appeal to the Tenth Circuit was dismissed for unrelated reasons, this may simply be irrelevant.

4

(May. 3, 2011), ECF No. 9863557.[5] On May 9, the government followed suit, arguing that the appeal should have been brought in the district court and moving to dismiss "for want of jurisdiction." Motion to Dismiss (App. Doc. 9865126) at 1. The May 17 deadline passed without Mr. Tooley filing the required jurisdictional brief, and on May 27 the clerk dismissed the appeal for failure to prosecute. Order (App. Doc. 9871092).

One month later, on June 23, Mr. Tooley filed two motions and sent four letters. Mr. Tooley moved to stay his fines, Motion to Stay Fines (Mag. Doc. 26), and filed an odd "Notice of Appearance" to the district court. Notice of Appearance (Mag. Doc. 24). This Notice seems to be a copy of Mr. Tooley's earlier Notice of Appeal (to the Tenth Circuit) modified to address the district court and say "appear" or "appearance" instead of "appeal." *See* Notice of Appeal (Mag. Doc. 19). On the same day, Mr. Tooley sent a letter to the district court Clerk acknowledging that his appeal was incorrectly filed in the appeals court and explaining that he was waiting for instructions on how to move forward in the district court. Letter from Douglas Tooley (Mag. Doc. 25) at 1. In the context of this letter, this Notice of Appearance seems simply to be Mr. Tooley's attempt to get the attention of this court and remind it of his outstanding issues. Mr. Tooley also sent a letter to Magistrate Judge West which, among other things, demanded Magistrate Judge West's resignation and informed the judge that he would not be in court on July 5 (the appearance required if he had not paid his fine by July 1). Letter from Douglas Tooley

---

[5]Future citations to Tenth Circuit docket 11-1197 will include only the prefix "App. Doc." and the ECF number.

(Mag. Doc. 28) ("Also, I will not be in your courtroom on July 5th, whether I need to be or not, or whether or not I am informed I need to be, given other proceedings, the above, and the fact that I will be out of State for reasons including other court appearances."). Mr. Tooley also wrote to U.S. Attorney Walsh[6] noting his inability to pay, complaining about his treatment by Walsh's staff, indicating he had sent a $1 check to "signify [his] willingness to hold a rational adult discussion," indicating also he would not be in court on July 5, and including a copy of the Motion to Stay Fines. *False Arrest Letter* (Mag. Doc. 39) at 4. Finally, Mr. Tooley sent a letter "To Whom it Concerns" (addressed to the U.S. District Court in Denver)[7] expressing confusion at the process, mentioning a request for "a change of venue for any post July 1 deadline court appearances" (of which no other record is apparent[8]), and objecting to the collections procedures and the DOJ's financial techniques to "make trash" of citizens. *False Arrest Letter* (Mag. Doc. 39) at 5.

---

[6]This letter to U.S. Attorney Walsh is not directly a part of the court docket record, rather the letter was recorded as an enclosure with a later letter to Magistrate Judge West. *False Arrest Letter* (Mag. Doc. 39) at 4.

[7]This letter "To Whom it Concerns" is not directly part of the docket. *False Arrest Letter* (Mag. Doc. 39), *supra* note 6, at 5.

[8]The nature of this venue change request is ambiguous. Mr. Tooley does not appear to be referencing the already denied pre-trial venue change request in Letter from Douglas Tooley (Mag. Doc. 7) because his use of present perfect tense ("I have also requested") suggests an ongoing matter. *False Arrest Letter* (Mag. Doc. 39) at 5. Rather, I hypothesize Mr. Tooley is referring to one or both of two contemporaneous correspondence: 1) the transfer to the district court he asked the Clerk of Court about, Letter from Douglas Tooley (Mag. Doc. 25), or 2) the claimed withdrawal from communication with Magistrate Judge West's court, Letter from Douglas Tooley (Mag. Doc. 28).

As promised, Mr. Tooley was not present for his court appearance on July 5. Courtroom Minutes – Payment Review (Mag. Doc. 29) at 1. Magistrate Judge West declined to address the motion to stay fines. *Id.* at 2 ("This Court would be happy to consider the Defendant's Motion to Stay Fines upon his appearance before the Court."). Magistrate Judge West issued a warrant for Mr. Tooley's arrest for failure to appear before the court as ordered. *Id.*

Mr. Tooley, again, sent several correspondence on Aug. 30:

- To this district's Clerk of Court, Mr. Tooley wrote that he was waiting for a response to his June 23 letter. Letter from Douglas Tooley to the Clerk of the Court (Mag. Doc. 31).

- To U.S. Attorney Walsh,[9] Mr. Tooley similarly asked after earlier letters which had not received response as well as requesting the appointment of counsel. *False Arrest Letter* (Mag. Doc. 39) at 7.

- Addressed to the district court, Mr. Tooley reissued his Motion to Stay Fines to the district court, "based on the absolute FAILURE of the Durango Magistrate to produce a lawful corporate court." Motion to Stay Fines (Mag. Doc. 33) (emphasis in original).[10]

---

[9]This letter to U.S. Attorney Walsh is not directly part of the docket. *False Arrest Letter* (Mag. Doc. 39), *supra* note 6, at 7.

[10]This Motion to Stay Fines is dated June 30. But, given the Sept. 1 postmark and Sept. 6 filing, I hypothesize this is a typo and that the motion should instead be dated Aug. 30.

- Mr. Tooley also objected, to the district court, to the issuance of the arrest warrant. Objection To Order to Issue Arrest Warrant (Mag. Doc. 32). In this objection, Mr. Tooley also moved to have the Magisterial court excluded from access to his records, and, "[p]ending removal of the arrest warrant ... to be provided defense counsel." *Id.*

On Oct. 14, though he had been instructed to pay his fine in Durango, Judgment (Mag. Doc. 18), Mr. Tooley paid the fine in Denver. Order Re: Defendant's Motions to Stay Fines (Mag. Doc. 30). Furthermore, he did not notify the court in Durango of this payment. *Id.* On Oct. 30, Mr. Tooley was arrested for violation of a court order. Arrest Warrant (Mag. Doc. 37). The next day, Mr. Tooley appeared in custody before Magistrate Judge West. Minute Entry (Mag. Doc. 34). Mr. Tooley was released with an unsecured bond set at $100, with conditions, and a status conference set for Dec. 6, 2011. *Id.* On Nov. 9, however, Magistrate Judge West sent Mr. Tooley a letter informing him that the federal court in Denver had received payment and he did not have to attend court unless he wanted to make a statement on the record. Letter from Court to the Defendant (Mag. Doc. 38).

On Nov. 14, Tooley wrote a lengthy letter with several enclosures to Magistrate Judge West. *False Arrest Letter* (Mag. Doc. 39). Mr. Tooley acknowledged receipt of Magistrate Judge West's Nov. 9 letter regarding payment. *Id.* at 1. He argued that his arrest and the impounding of his vehicles was unnecessary because of the pending appeal and payment of the fine. *Id.* He reiterated and expanded on his complaints against various

government officials. *Id.* He requested $5,610.75 in damages to compensate for, among other things, the court fine, lost boat and trailer, and impound fees. *Id.* Finally, Mr. Tooley again requested appointment of counsel. *Id.* at 2.

Magistrate Judge West ordered, on Dec. 28, that the Motions to Stay Fines were moot. Order Re: Defendant's Motions to Stay Fines (Mag. Doc. 30). On Jan. 4, 2012, Mr. Tooley appealed to this court the Dec. 28 order. Appeal of Magistrate Judge Decision (D.C. Doc. 1).

I ordered an opening brief filed by Mar. 30, 2012. Minute Order (D.C. Doc. 2). Because the case had been erroneously "terminated" on Jan. 11, however, Mr. Tooley was not mailed notification, and the deadline was subsequently adjusted to Apr. 30, 2011. Minute Order (D.C. Doc. 4). Mr. Tooley's brief was filed on Apr. 30. Brief (D.C. Doc. 6). The government filed a response on May 14. Response (D.C. Doc. 7). Mr. Tooley replied on June 4. Reply (D.C. Doc. 8).

## DISCUSSION

Procedurally, a Stay Fines Order is not final and is not appealable. 28 U.S.C. § 1291 (2012). On the merits, Mr. Tooley mooted the Stay Fines Motion himself by paying the fine. Furthermore, nothing in his brief speaks to the merits of why the order mooting the Stay Fines motions should be reversed. I therefore deny the appeal of the Dec. 28 Order.

It is, however, necessary to address the irregularities that have frustrated Mr. Tooley's efforts to appeal his conviction. His April 28, 2011 appeal of his conviction

9

should have moved directly from the magistrate judge to this court. 18 U.S.C. § 3402 (2012) ("In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."). While *pro se* procedural unfamiliarity is partially to blame, it is unclear why the original appeal was sent to the Tenth Circuit. Upon receipt, the district court clerks processed the appeal through. Letter Transmitting Notice of Appeal (Mag. Doc. 20). When the case arrived at The Tenth Circuit, the circuit court clerks correctly sought jurisdictional justification. Order filed by Clerk of the Court (App. Doc. 9863557). Although the dismissal for failure to prosecute may have complicated the transition, neither the magistrate judge, district court clerks, nor Tenth Circuit clerks redirected the matter to this court, as should have been done. U.S.C. Fed. R. App. P. 4(d) ("If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted."). Furthermore, Mr. Tooley's inquiries about the appeal moving to the district court were neither resolved nor even answered. *See, e.g.*, Letter from Douglas Tooley (Mag. Doc. 25); Letter from Douglas Tooley to the Clerk of the Court (Mag. Doc. 31); Motion to Stay Fines (Mag. Doc. 33); *False Arrest Letter* (Mag. Doc. 39). If Mr. Tooley had not appealed the Order mooting his Motion to Stay Fines, it is possible no district court would have ever seen the docket.

Because Mr. Tooley's Apr. 28, 2011 appeal was never judged on its merits, *see*

Order (App. Doc. 9871092), and I have jurisdiction over that appeal, *see United States v. Pethick*, 513 F.3d 1200, 1202 (10th Cir. 2008) (finding an notice of appeal erroneously filed with the circuit court sufficient to vest jurisdiction in the district court),[11] the parties must brief the merits of the Apr. 28, 2011 appeal.

CONCLUSION

The appeal of the Stay Fines Order of Dec. 28 is denied. Mr. Tooley must file a brief on appeal of the Apr. 18, 2011 Judgment by July 30, 2012. The government shall have 20 days after receipt of Mr. Tooley's brief to file an answer brief. Parties must limit their briefs to addressing the Apr. 18 Judgment, and I will not hesitate to strike any extraneous arguments or allegations. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). The appeal will be decided on the briefs without oral argument.

Dated: June 25, 2012                    BY THE COURT:

                                        **/s/ John L. Kane**

---

[11]Because the Tenth Circuit dismissed for failure to prosecute, the government questions whether I may presently entertain the original Apr. 28, 2011 appeal. Response (D.C. Doc. 7) at 5. However, as the government correctly points out in its Motion to Dismiss, the Tenth Circuit lacked jurisdiction to entertain the Apr.28 appeal. (App. Doc. 9865126) at 1, 3. Mr. Tooley concurs with the government's assessment implicitly through his lack of response to the Order of May 3, 2011 (App. Doc. 9863557) and explicitly through his letter to the Clerk of Court. Letter from Douglas Tooley (Mag. Doc. 25). As it lacked jurisdiction to entertain the Apr. 28 appeal, the Tenth Circuit must have meant to limit its dismissal to the jurisdictional issue raised in its May 3 Order (App. Doc. 9863557).

Senior U.S. District Court Judge