IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **12-cr-00018-JLK**

**UNITED STATES OF AMERICA,**
    Plaintiff-Appellee,

v.

**DOUGLAS L. TOOLEY,**
    Defendant-Appellant.

---

# ORDER

---

Kane, J.

On July 27, 2012, Defendant-Appellant Douglas L. Tooley filed a direct appeal of his April 18, 2011 conviction for camping overnight in an area of the San Juan National Forest closed to camping by a permanent closure order, in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.58(e).[1] In his filing, Mr. Tooley alleges that a variety of federal officials have conspired to deprive him of his constitutional rights. Specifically, Mr. Tooley raises four "interlocutory objections": (1) request for counsel; (2) criminal and civil actions against abusive individuals acting under the color of federal authority; (3) failure to provide compensation for specific damages; and (4) findings of fact regarding

---

[1] Because of a series of procedural and bureaucratic mis-steps, Mr. Tooley's direct appeal of his conviction has been significantly delayed. For a detailed recitation of the procedural history of this case, see my earlier memorandum opinion and order denying Mr. Tooley's appeal of Magistrate Judge West's denial of his motion to stay fines. Memorandum Opinion and Order (doc. 10) at 2-9.

1

payment of fines.²

Mr. Tooley lists these objections, but fails to develop them in any way. Although a *pro se* litigant's lack of citation to specific cases or governing law may be expected and excused, his failure to offer any factual arguments is fatal.³ *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("[the court is] not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments").

Because Mr. Tooley offers neither factual nor legal argument in support of his claims, his appeal is DENIED.

Dated: August 16, 2012          BY THE COURT:

                                                **/s/ John L. Kane**
                                                Senior U.S. District Court Judge

---

² As further grounds for dismissal, these arguments relate to conduct post-dating Mr. Tooley's conviction and exceed the scope of this direct appeal. If Mr. Tooley wishes to continue pursuit of these claims, he must do so via a separate civil action.

³ I acknowledge that Mr. Tooley's arguments would likely be better crafted if he were provided court-appointed counsel. Because his misdemeanor conviction resulted only in a fine and not a sentence to a term of imprisonment, however, he is not entitled to counsel in the proceedings relating to his conviction. *See United States v. Jackson*, 493 F.3d 1179, 1182-82 (10th Cir. 2007).